## ROSENFIELD v. SEIFERT et al.
### (No. 8727.)

(Court of Civil Appeals of Texas. Galveston. July 7, 1925.)

**Appeal and error ⬤⟞⟞1185—Judgment of appellate court not corrected for immaterial error therein.**

Court of Civil Appeals will not correct its judgment because of an immaterial error therein.

On a motion to correct judgment. Motion refused.

For opinion on original hearing, see 270 S. W. 220.

PLEASANTS, C. J. On January 15, 1925, we reversed the judgment of the trial court in this cause, and rendered the judgment that should have been rendered by the trial court, granting appellant's prayer for a temporary injunction. The order for injunction adjudged by this court to appellant is as follows:

"That the district clerk of Harris county, upon filing with him of a bond in the sum of $1,500, executed in the terms of the law, do issue an injunction restraining the defendants J. W. Seifert and M. W. Seifert, their agents and employees, during the pendency of this suit, unless otherwise ordered, from conducting any factory or business for the manufacture of dry tumblers, or from selling any dry tumblers of the kind manufactured by plaintiff, M. H. Rosenfield, under the patent right purchased by him from the defendants within the following territory, etc."

The correction in this order now asked by appellant and the reasons therefor are thus stated in a motion to correct our judgment filed by him:

"That the aforesaid mandate was filed in the district court of Harris county, Tex., aforesaid, on the 18th day of April, A. D. 1925, and thereafter, on the 23d day of April, A. D. 1925, a writ of injunction was issued by the clerk of said district court of Harris county, Tex., on said mandate, in accordance with the words and language hereinabove quoted; that the language aforesaid used in said judgment and in the mandate, to wit, 'from conducting any factory or business for the manufacture of dry tumblers, or from selling any dry tumblers of the kind manufactured by plaintiff, M. H. Rosenfield, under the patent right purchased by him from the defendants within the following territory, etc.,' was used through inadvertent error, it being manifest from the record in this cause on file in this court that it was the purpose and intention of this honorable court to render and have entered a judgment granting appellant the full relief as prayed for in his petition; that it is now being asserted by the defendants in this suit, appellees herein, that the aforesaid language so used in the judgment of this court and in

said mandate, and in the writ of injunction issued by the clerk of the district court of Harris county thereon, renders the same vague, ambiguous, and unenforceable, because no patent rights exist between the parties. * * *

"Appellant would further respectfully show unto the court that in truth and in fact the aforesaid article, known as drying tumblers is not patented, and that no patent rights exist between the parties, but that reference is made to such patent right by reason of a clause in the contract existing between appellant and appellees to the effect that it was contemplated that a patent should be obtained thereon, and that same should inure to the benefit of both parties; that there was no issue on the trial of this cause relative thereto, the only reference thereto being the clause of the contract hereinabove last referred to, all of which will be manifest from the record on file in this court; that the reference to the patent rights as contained in the aforesaid judgment, as entered, and in said mandate and writ of injunction, is clearly a clerical and inadvertent error, which, while immaterial, should, in view of the technical objection thereto now being asserted by the appellees, be corrected.

"Appellant would further respectfully direct the attention of the court to the further fact that the judgment, as entered, does not in express terms fully cover the relief as prayed for in plaintiff's (appellant's) petition as appellant verily believes was intended, wherefore he respectfully prays that notice, if by this court deemed necessary, issue to the appellees herein in terms of the law, and that upon a hearing hereof the judgment of this court be corrected and amended, nunc pro tunc, so as to reflect the judgment of the court as intended and actually rendered herein, and in this connection he respectfully moves the court to correct and amend the judgment as entered, and respectfully suggests that it be so corrected and amended and made to conform to the prayer of plaintiff's petition."

Appellant is mistaken in his conclusion that it was our intention in rendering the judgment in his favor to order the issuance of an injunction restraining appellees in respect to all of the matters complained of in appellant's petition. On the contrary, our opinion was and is that appellant will be sufficiently protected in his contract rights pending a final hearing of this cause by an injunction restraining appellees from manufacturing or selling within the designated territory the machines or appliances mentioned and described in the contract, by which appellant purchased from appellees the exclusive right to manufacture and sell such machines or appliances.

The erroneous statement in our judgment that the right to manufacture these articles was a patent right is immaterial, and could not possibly mislead appellees as to what article they were ordered not to manufacture or sell in the described territory. It is inconceivable to us that any reasonable mind could fail to understand that appellees

---

⬤⟞⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

were, by the judgment of the court, re-strained from manufacturing and selling the articles mentioned and described in the contract of sale to appellant executed by appellees, and for the alleged breach of which this suit was brought. Any claim of appellees to the contrary is a mere quibble which no court should countenance.

The error in the judgment being immaterial, no sufficient ground to invoke the authority of this court to correct its judgment is shown.

The motion has been refused, and all costs incurred thereby adjudged against the appellant.